3/28/2017 11:24:35 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-001332
victoria benavides

CAUSE NO. **D-1-GN-17-001332** _____

| | | |
|---|---|---|
| JEANE BOLIN | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| STATE AUTOMOBIILE MUTUAL | § | **126TH** |
| INSURANCE COMPANY | § | \_\_\_\_ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE

COMES NOW, Jeane Bolin, Plaintiff herein, and file Plaintiff's Original Petition, Jury Demand and Request for Disclosure, complaining of State Automobile Mutual Insurance Company ("State Automobile Mutual" or "Defendant"), and for cause of action, Plaintiff respectfully shows the following:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3. Plaintiff seeks monetary relief over $200,000, but not more than $1,000,000. TEX. R. CIV. P. 47(c) (4).

### II.

### PARTIES

2.      Plaintiff, Jeane Bolin, resides in Colorado City, Mitchell County, Texas.

3.      Defendant, State Automobile Mutual Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation by certified mail, return receipt requested, upon State Automobile Mutual Insurance Company at the address listed on the Texas Department of Insurance: Corporation Service


EXHIBIT
A-1

1

Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218. Plaintiff requests service at this time.

## III.
## JURISDICTION AND VENUE

4. The Court has jurisdiction over State Automobile Mutual because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Travis County, Texas, with reference to this specific case.

5. Venue is proper in Travis County, Texas because State Automobile's Western Headquarters is located at 5918 West Courtyard Drive, Suite 100, Austin, Travis County, Texas Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## IV.
## FACTS

6. Plaintiff asserts a claim for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns a State Automobile Mutual homeowner's insurance policy number FO 2600787("the Policy"), which was issued by State Automobile Mutual. At all relevant times, Plaintiff owned the insured premises located at 2238 Hwy 163, Colorado City, Texas 79512 ("the Property").

8. Defendant, or its agent, sold the Policy, insuring the Property, to Plaintiff. Defendant represented to Plaintiff that the Policy included coverage for damages to Plaintiff's home and outbuildings.

9. On or about April 16, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Mitchell County, Texas area.

2

2

10. In the aftermath of the storm, Plaintiff submitted a claim to Defendant against the Policy for damage to the Property. State Automobile Mutual assigned claim number PR-0000000-130047 to Plaintiff's claim.

11. Plaintiff asked Defendant to cover the cost of damage to the Property pursuant to the Policy.

12. Defendant hired or assigned its agent to inspect and adjust the claim. After its agent conducted their inspections on several different occasions, Defendant generated an estimate of damages that grossly underestimated the cost of repairs to the roofs and exterior.

13. Defendant has ultimately refused full coverage which includes, but is not limited to, replacement of the seven (7) roofs and exterior damages.

14. The damage to Plaintiff's Property is currently estimated at over $377,812.

15. As stated above, Defendant improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Defendant misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property.

16. Defendant made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates property by Defendant and its agents.

17. Plaintiff relied on Defendant's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.



3

18. Upon receipt of the inspection and estimate report, Defendant failed to assess the claim thoroughly. Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Defendant failed to provide coverage due under the Policy, and Plaintiff suffered damages.

19. Because Defendant failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

20. Furthermore, Defendant failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay full proceeds due under the Policy, based on its substandard and unreasonable estimate, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

21. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

22. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Defendant has failed to settle Plaintiff's claim in a fair manner, although Defendant was aware of their liability to Plaintiff under the Policy. Specifically, Defendant has failed, in an honest and fair manner, to balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff's coverage due under the Policy.



4

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Defendant failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

24. Additionally, after Defendant received numerous demands for payment of the damage sustained by Plaintiff, Defendant has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any reasonable explanation for failing to settle Plaintiff's claim properly.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Defendant refused to provide full coverage to Plaintiff under the Policy due to Defendant's failure to conduct a reasonable investigation.

26. Specifically, Defendant, through its agents, servants and representatives, performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

27. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

28. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant delayed full payment of Plaintiff's claim based on the unreasonable and substandard estimate, longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

5

29.     Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## V.

## CAUSES OF ACTION AGAINST DEFENDANT

### Breach of Contract

30.     Defendant is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Defendant and Plaintiff.

31.     Defendant's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitute a breach of Defendant's insurance contract with Plaintiff.

### Noncompliance with the Texas Insurance Code: Unfair Settlement Practices

32.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

33.     Defendant's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

34.     Defendant's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the

Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

35. Defendant's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

36. Defendant's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

**Noncompliance with the Texas Insurance Code: The Prompt Payment of Claims**

37. Defendants conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

38. Defendant's delay in paying Plaintiff's claim following receipt of all items, statements, an forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**Breach of the Duty of Good Faith and Fair Dealing**

39. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

40. Defendant's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Defendant knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

7

**DTPA Violations**

41. Defendant's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"). TEX. BUS. & COM. CODE 17.41-63. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Defendant has violated sections 17.46(b) (2), (5), (7), (9), (12), (20) and (24) of the DTPA. Defendant's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) failure to give Plaintiff the benefit of the doubt; and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2);

   B. Defendant represented to Plaintiff that the Policy and Defendant's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA;

   C. Defendant represented to Plaintiff that Defendant's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA;

   D. Defendant advertised the Policy and adjusting services with the intent not to sell them as advertised in violation of section 17.46(b)(9) of the DTPA;



8

E. Defendant breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Defendant's actions are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

42. Each of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages. All of Defendant's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### Fraud

43. Defendant is liable to Plaintiff for common law fraud.

44. Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and Defendant knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

45. Defendant made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

9

### Knowledge

46. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### Waiver and Estoppel

47. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VI.

## DAMAGES

48. The damages caused to the Property have not been properly addressed, repaired or replaced since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

49. Plaintiff currently estimates that actual damages to the Property under the Policy are in excess of $377,812.

50. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

51. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claims, consequential damages, together with attorney's fees.

10

52. For noncompliance with the DTPA and Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

53. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

54. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

55. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's right and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.



56. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

57. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practice and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

58. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII.
## REQUESTS FOR DISCLOSURE

59. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rule 190.2(b)(6) and 194.2.



12

## VIII.

## JURY DEMAND

60. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Travis County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## IX.

## PRAYER

61. Plaintiff prays that Defendant, State Automobile Mutual Insurance Company be cited and served to appear, and that upon trial hereof, Plaintiff, Jeane Bolin, recover from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show herself justly entitled.



Respectfully submitted,

MIKE O'BRIEN, P.C.

By: _____

Mike O'Brien
State Bar No. 15170200
14355 Highway 105
Washington, Texas 77880
(713) 222-0088
(713) 222-0888 Fax
mike@moblaw.com

ATTORNEY FOR PLAINTIFF

Of Counsel:

LAW OFFICE OF DALLI H. SEYB

Dalli H. Seyb
State Bar No 24097785.
752 Main Street, Suite 164
Mansfield, TX 76063
(936) 201-8900
dalli.haley@ymail.com



14